**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LUZ CALCANO,**

   Plaintiff,

**-vs-**                                                       **Case No. 6:05-cv-1334-Orl-31GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

   Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **MOTION FOR RELIEF FROM JUDGMENT (Doc. No. 11)** |
| **FILED:**       **December 31, 2007** |
| **THEREON it is RECOMMENDED that the motion be DENIED.** |

Plaintiff, Luz Calcano ("Plaintiff"), moves pursuant to Fed. R. Civ. P. 60(b) to set aside the Order dismissing the case entered on March 9, 2006, and to reopen the case ("Motion"). For the reasons set forth below, the Court recommends that the motion be denied.

**I.    PROCEDURAL HISTORY**

Plaintiff commenced this action by filing his Complaint against the Commissioner ("Defendant" or "Commissioner") in district court on September 12, 2006. Doc. No. 1. On January 18, 2006, the Court issued an Order asking Plaintiff to show cause why his case should not be

dismissed for want of prosecution. Doc. No. 4. On January 30, 2006, Plaintiff filed a response. Doc. No. 5. On February 3, 2006, the Court directed Plaintiff to serve the Defendant on or before March 3, 2006. Doc. No. 6. The Court cautioned Plaintiff that failure to comply with its directive would result in a dismissal of the case. *Id.* Plaintiff did not comply with the Court's Order, and on March 9, 2006, the Court entered an Order dismissing Plaintiff's case for failure to prosecute. Doc. No. 7.

Attorney Juan Gautier ("Gautier") represented Plaintiff in this action. An attorney grievance matter was brought against Gautier on June 8, 2006. *In re Gautier*, United States District Court, Middle District of Florida, Case No. 6:06-mc-00057-PCF-DAB. On October 19, 2006, the Court suspended Gautier as a member of the Bar of the Court, and ordered Gautier to resign his membership and not reapply for three years. *In re Gautier*, Doc. No. 7. Sarah Bohr was appointed as Inventory Attorney in all of Gautier's cases, approximately 49 cases. *Id.* On October 23, 2006, Sarah Bohr was added to the present case. Doc. No. 10.

### A.   Plaintiff's Motion

On December 31, 2007, Plaintiff filed the instant Motion pursuant to Rule 60(b)(6)[1]. Doc. No. 11. In support of his Motion, Plaintiff provided an affidavit dated October 24, 2007 ("Affidavit") stating:

1)   He never personally met with Gautier and Gautier never sent him any letters.

2)   He called Gautier's office on several occasions, but only one time did he speak with Gautier's secretary. He did not say when he made the calls, but does state he spoke with Gautier's secretary "about a year and a half to two years ago."

3)   The next time he tried Gautier's phone number, it was disconnected.

4)   He was not aware that his case had been dismissed until he received a letter from Sarah Bohr "last fall."[2]

---

[1] Rule 60(b)(1) is time barred and, thus, inapplicable. Fed. R. Civ. P. 60(b)(1).

Doc. No. 11-2. The Affidavit does not address when Plaintiff learned Gautier's phone had been disconnected nor does it address what, if anything was done after that discovery was made.

Plaintiff argues that Gautier's actions were egregious and justify affording him relief. *Id.* Plaintiff cites several cases involving Gautier where this Court granted relief. *Id.* at 4. *See Washington v. Commissioner*, Case No. 6:05-cv-1456-Orl-KRS; *Reid v. Commissioner*, Case No. 6:05-cv-594-Orl-28UAM; *Corbett v. Commissioner*, Case No. 6:05-cv-1298-Orl-19UAM. There are also other cases. *See Britton v. Commissioner*, Case No. 6:06-cv-592-Orl-28GJK; *Yonce v. Commissioner*, Case No. 6:05-cv-1416-Orl-KRS.[3] Citing authority from the Third, Fourth and District of Columbia Circuits, Plaintiff argues that egregious attorney neglect is a permissible basis for relief under Rule 60(b)(6). *Id.* at 5. *See Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976, 978 (3rd Cir. 1978); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988); *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234 (D.C. Cir. 1964). Plaintiff states that the Court should follow the Fourth Circuit's approach that distinguishes between blameless and blameworthy parties. Plaintiff states that "he was not aware of attorney Gautier's neglect, and was therefore blameless." Doc. No. 11 at 10. When a party is blameless, Plaintiff argues his counsel's negligence constitutes "a mistake" or "excusable neglect" under Rule 60(b)(1).[4] *Id.* Plaintiff argues relief is particularly appropriate when denial of relief would deny a claimant his or her day in court. *Id.* Finally, Plaintiff argues that granting relief would not prejudice the Defendant in any way.

---

[2] The Court is unaware if the Plaintiff was referring to Fall 2006 or Fall 2007.

[3] With the exception of *Britton*, the decisions of the Middle District of Florida, Orlando Division, referenced above were all decided prior to the Eleventh Circuit's unpublished opinion in *S.E.C. v. Simmons*, 241 Fed.Appx. 660 (11th Cir. 2007). The relief requested in *Britton* was not opposed by the Commissioner. In the Jacksonville Division of the Middle District of Florida, there are two post-*Simmons* decisions which reach different results. *See Mendez v. Astrue*, Case No. 3:05-cv-720-J-MCR (following *Simmons* and denying relief); *Rogers v. Astrue*, Case No. 3:05-cv-543-J-16TEM (not addressing *Simmons* and granting relief).

[4] As previously noted, Plaintiff's Motion seeks relief under Rule 60(b)(6), not Rule 60(b)(1).

**B.     Defendant's Opposition**

On January 15, 2008, the Defendant filed an opposition to the Motion ("Opposition"). Doc. No. 12.  The Defendant points out that Plaintiff's Motion was not filed until twenty-one (21) months after this Court entered the Order dismissing Plaintiff's case. *Id.* at 2; *See above*, Doc. No. 7. Defendant argues that a Rule 60(b)(6) motion must be made within a reasonable time. *Id.* at 2-3; Fed. R. Civ. P. 60(c). Citing the standard for appellate review of a trial court's denial of relief under Rule 60(b)(6), Defendant argues it is Plaintiff's burden to establish the trial court was "required" to grant relief. *Id.* at 3 (*citing Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996)).[5]

Defendant also argues Gautier's failure to act was ordinary error, which is insufficient to meet the rigorous "exceptional circumstances" requirement of Rule 60(b)(6). Doc. No. 12 at 3. *See McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002). Defendant further argues that courts which allow attorney error to be considered under Rule 60(b)(6) require gross neglect or other exceptional circumstances and diligence on behalf of the client. *See Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). Defendant argues *Ake v. Mini Vacations, Inc.*, 174 F.R.D. 110 (M.D. Fla. 1997) is analogous to this case and holds that an attorney's negligence in failing to appear at a case management conference, advise his client of discovery requests and respond to an order to show cause does not constitute exceptional circumstances. *Ake,* 174 F.R.D. at 112. Furthermore, Defendant argues *Ake* correctly held that a client has a duty to monitor the progression of his case, communicate with his attorney, and inquire with the court if the client is unable to communicate with his attorney. *Id.* Defendant maintains Plaintiff failed to discharge those duties.

---

[5] Defendant's reliance on *Rice* is misplaced because that is the standard for appellate review.

Finally, Defendant argues under recent unpublished Eleventh Circuit case law, *S.E.C. v. Simmons*, 241 Fed.Appx. 660 (11th Cir. 2007), attorney error is insufficient to satisfy the exceptional circumstances requirement of Rule 60(b)(6). Doc. No. 12 at 5. Defendant states that Plaintiff is alleging gross neglect, not fraud or deception, which can only be addressed under Rule 60(b)(1). *Id.*

## II.     ANALYSIS

Plaintiff filed the instant Motion requesting relief pursuant to Federal Rule of Civil Procedure 60(b)(6). Under Federal Rules of Civil Procedure 60(b)(1), the Court may set aside its orders on the basis of "mistake, inadvertence, surprise, or excusable neglect," and under Rule 60(b)(6), the Court may set aside its order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6) (2007). Such motions shall be made "within a reasonable time," and under Rule 60(b)(1), motions must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Rule 60(b)(1) and 60(b)(6) are mutually exclusive. *Solaroll Shade*, 803 F.2d at 1133.

The Eleventh Circuit has specifically addressed the decisions from the Third, Fourth and District of Columbia Circuits that Plaintiff urges this Court to follow. *Solaroll Shade*, 803 F.2d at 1133. In so doing, the Eleventh Circuit held:

> There is also a more fundamental reason why these cases are inapplicable.  Although 60(b)(6) provides residual equitable authority for vacating judgments, this Court has consistently held that 60(b)(1) and 60(b)(6) are mutually exclusive.  Therefore, <u>a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)</u>.

*Id.* (emphasis added).[6] Relief under Rule 60(b)(6) is only available "upon a showing of exceptional circumstances." *Id.* (*quoting Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). More recently, the Eleventh Circuit has specifically addressed whether a movant's claim of gross negligence by his counsel was sufficient to justify relief under Rule 60(b)(6). The Eleventh Circuit rejected that argument, stating:

> Sicilano argues that his attorney was grossly negligent and that his gross negligence constituted an exceptional circumstance entitling him to relief from the judgment.
>
> Sicilano's attempt to make attorney negligence an extraordinary circumstance warranting relief under Rule 60(b)(6) is foreclosed by precedent. In *Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986), we held that claims of attorney error must be made under the more specific Rule 60(b)(1), rather than under the "residual equitable authority" contained in Rule 60(b)(6).

*Simmons*, 241 Fed. Appx. at 663 (emphasis added). Thus, Eleventh Circuit precedent requires that even gross negligence by counsel must be addressed under Rule 60(b)(1) because it is mutually exclusive of Rule 60(b)(6), which requires some sort of "other" extraordinary circumstances.

The Order dismissing the case was entered on March 9, 2006, and the present Motion was filed on December 31, 2007. Doc. Nos. 7, 11. Because the Motion was filed more than a year after the Order was entered, relief under Rule 60(b)(1) is unavailable. That should end the inquiry. Nevertheless, there are additional reasons why relief under Rule 60(b)(6) is unavailable.

As mentioned above, under Rule 60(b)(6) the moving party must establish that they filed their motion within a reasonable time. Fed. R. Civ. P. 60(c)(1). Plaintiff's Affidavit does not address when he learned that Gautier's phone was disconnected nor does it address what, if anything, he did after

---

[6] The conclusion that (b)(1) and (b)(6) are mutually exclusive is based on the plain language of (b)(6), which applies to "any other reason" not addressed in (b)(1) through (5). Fed. R. Civ. P. 60(b).

learning his counsel's phone had been disconnected. It appears Plaintiff did nothing after learning the phone was disconnected and simply waited until he received a letter from Sarah Bohr advising that his case had been dismissed. The record before the Court simply does not support a finding that Plaintiff filed his Motion within a reasonable time, as required by Rule 60(c)(1). Similarly, it appears Plaintiff did not discharge his duty to communicate with his counsel and, upon learning that counsel is unavailable, inquire with the Court about the status of the case. *Ake*, 174 F.R.D. at 112. Therefore, it is recommended that the Court find that the Plaintiff has failed to establish he filed his Motion within a reasonable time, as required by Rule 60(c)(1).

The sole factual basis for Plaintiff's Motion is that Gautier's egregious negligence necessitates granting the relief requested. However, the Eleventh Circuit has held that attorney error must be addressed under the more specific Rule 60(b)(1). As egregious as Gautier's failure to act may be, the Plaintiff's Affidavit reveals nothing more than negligence or gross negligence by counsel, which is precisely the type of conduct the Eleventh Circuit has held can not be addressed under the residual equity authority provided in Rule 60(b)(6) and fails to meet the extraordinary circumstances requirement of Rule 60(b)(6).[7]

Accordingly, for the following reasons it is recommended that Plaintiff's Motion be **DENIED**:

1. Relief under Rule 60(b)(1) is foreclosed because the Motion was filed more than one year after entry of the Order dismissing the case.

---

[7] Several courts addressing motions seeking relief under Rule 60(b) have clearly struggled with whether clients should bear the consequences of their counsel's negligence. *See, e.g., Agusta Fiberglass Coatings*, 843 F.2d at 811 (establishing different analytical approaches for blameless and blameworthy parties); *Ake*, 174 F.R.D. at 112 (reasoning that failing to grant relief to a client for their counsel's neglect "does not actually penalize innocent clients because a person voluntarily chooses his or her attorney as their representative and, therefore, the client cannot avoid the consequences of this choice in the event of acts or omissions by the attorney."). Nevertheless, in this case Eleventh Circuit precedent addressed above leads to a specific result.

2. Plaintiff has failed to show that his Motion was filed within a reasonable time, as required by Rule 60(c)(1).

3. Plaintiff has failed to demonstrate that he discharged his duty to maintain communication with his counsel and upon unsuccessfully attempting to do so, inquire with the Court about the status of his case.

4. Relief under Rule 60(b)(6) is not available to Plaintiff in this case because attorney error must be addressed under Rule 60(b)(1) and Plaintiff has failed to show the type of exceptional circumstances required for relief under Rule 60(b)(6).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar any aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 30, 2008.

*[Signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Party